UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARRYL E. REAMS,

              Plaintiff,

     -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-2662 (FB)

*Appearances:*

| For the Plaintiff: | For the Defendant: |
|---|---|
| DOUGLAS C.J. BRIGANDI, ESQ. | DAVID MICHAEL ESKEW, ESQ. |
| 214-11 Northern Blvd. | United States Attorneys Office |
| Suite 201 | Eastern District Of New York |
| Bayside, NY 11361 | Civil Division |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

        Plaintiff Darryl Reams ("Reams") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c). For the reasons stated below, the Commissioner's motion is granted, and Reams's motion is denied.

**I**

        On February 1, 2007, Reams, a former United States Postal Service letter carrier, applied for DIB, alleging that he was disabled due to cardiac problems, anemia, and a torn tendon in his right foot. After his application was denied, he requested a hearing before an administrative law judge ("ALJ"), which was held on November 14, 2008.

In a decision dated December 16, 2008, the ALJ applied the familiar five-step process.[1] The ALJ found, at step one, that Reams had "not engaged in substantial gainful activity since [his] alleged onset date," A.R. at 13;[2] at step two, that he had severe impairments, namely "congenital heart disease, obesity, and status post torn posterior tibial tendon, right foot," *id.*; and at step three, that his impairments did not meet or equal the criteria for any listed impairment, *see id.*

At step four, the ALJ assessed Reams's residual functional capacity ("RFC"), finding that Reams could "sit at least six hours within an 8-hour workday," though he was "limited to standing/walking [for] 2 hours in an eight-hour workday and to low stress work," that he was "able to occasionally lift/carry twenty pounds, frequently lift carry 10 pounds[, and] push/pull with the same limitations as lift/carry." *Id.* at 14. The ALJ further found that Reams "must avoid climbing ladders/ropes/scaffold[s]," though he "is able to perform other postural movements occasionally," and that he "must avoid temperature extremes." *Id.* Accordingly, the ALJ found that Reams was "unable to perform any past relevant work" because his RFC limited him "to perform[ing] the

---

[1] "First, the Commissioner determines whether the claimant is currently performing substantial gainful work; if she is, the claim is denied without the need to conduct further inquiry. Second, if the claimant is not performing such work, the Commissioner must make a finding as to whether the claimant suffers from a severe impairment that significantly limits her physical or mental ability to do basic work activities; if no such impairment is found, the claim is denied at that step. Third, if such an impairment is found, it is compared to the impairments listed in the appendix to the regulations; if the claimant's impairment is equivalent to one of the listed impairments, the claimant is considered disabled, and the claim is granted. Fourth, if the impairment is not the equivalent of a listed impairment, the claimant must show that she cannot perform her former relevant work; if she does not make that showing, the claim is denied. Fifth and finally, if the claimant has shown that she cannot perform her former relevant work, the burden then shifts to the Commissioner to show that the claimant still retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999) (internal citations omitted).

[2] "A.R." refers to the administrative record.

2

demands of light exertion level work," subject to the various restrictions previously listed. *Id.*

Finally, at step five the ALJ elicited the testimony of a vocational expert ("VE"). The VE testified that "the definition of light [work] includes standing up to six hours in an eight-hour day," *id.* at 48; that Reams had transferable work skills, *id.* at 46; and that Reams was capable of performing sedentary jobs which existed in the national and regional economies. *Id.* In spite of this testimony, the ALJ applied Reams's age, education, work experience, and RFC to Table Number Two in 20 C.F.R., Part 404, Subpart P, Appendix 2 (the "Light Work Grid"), Rules 202.22 and 202.15, and found that Reams was not disabled within the meaning of the Social Security Act. *Id.* at 20.

The ALJ's decision became the final decision of the Commissioner on June 1, 2009, when the Appeals Council denied Reams's request for review. This action followed.

## II

"In reviewing the final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Under the five-step analysis for evaluating disability claims under Social Security regulations, the burden of proof is on the claimant for steps (1) through (4). However, "[a]t step five, the burden shifts to the Commissioner to show that there were a significant number of jobs in the national economy that [the claimant] could perform." *Butts*, 388 F.3d at 381 (citing 20 C.F.R. § 404.1560).

Reams argues that the ALJ erred (1) by failing to consider the totality of his conditions, including obesity, in assessing whether Reams's impairments were equivalent to a listed impairment at step three, and (2) by finding that Reams possessed the RFC to perform light work. The Court addresses each in turn.

**A. The ALJ's Step Three Determination**

Reams's argument regarding the ALJ's step three determination fails for two reasons. First, the administrative record makes clear that the ALJ specifically addressed whether Reams's impairments, considered collectively with a focus on his obesity, "medically equaled" a listed impairment. After detailing Reams's medical history, the ALJ noted that "medical evidence revealed that eventually [Reams] had no signs of congestive heart failure or other heart symptoms" and that "no treating or examining source indicated [that his] obesity affects the clamant's cardiovascular, musculoskeletal, respiratory or other systems." A.R. at 14. Considering the "musculoskeletal, respiratory, and mental listing[s,]" in light of Reams's cardiac history and obesity, the ALJ determined that "[t]he evidence establishes [that Reams] has impairments[,] his impairments, singly or in combination, do not meet or equal the requirements of a listed impairment." *Id.* This conclusion was supported by substantial evidence in the record and made under the correct legal standards.

Second, Reams's argument fails because he has not identified, neither in his moving papers nor at his hearing before the ALJ, which listed impairment his conditions equal. Indeed, Reams professes that he "does not presume to argue that the evidence 'meets' any coronary listing (of Appendix 1) or 'equals' the same listing," Pl.'s Mem. Opp. at 9; accordingly, he has failed to carry his step three burden. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (Where claimant "contends that the ALJ erred in not considering obesity in determining whether she meets

4

or equals a listing impairment," she does not meet her step three burden when she "does not specify which listing she believes she meets or equals.").

**B. The ALJ's RFC Determination**

The ALJ incorrectly determined that Reams possessed the RFC to perform light work. Although the ALJ found that Reams was "limited to standing/walking for 2 hours in an eight hour day and to low stress work," A.R. at 14, the VE correctly stated, as noted, that "the definition of light [work] includes standing up to six hours in an eight-hour day." *Id.* at 48; *see also* 20 C.F.R. § 404.1567(b). Accordingly, the ALJ erred in applying the Light Work Grid and finding that Reams was not disabled.

This error was harmless, however, because Reams was capable of performing sedentary work. *See Roman v. Barnhart*, 477 F. Supp. 2d 587, 599 (S.D.N.Y. 2007) (holding that even where "ALJ was incorrect when he found that plaintiff had the residual functional capacity to do light work, SSI benefits would still be denied [where plaintiff] had the capacity to do sedentary work."). Reams implicitly admits as much by proposing that the Court should apply Table Number One in 20 C.F.R., Part 404, Subpart P, Appendix 2 (the "Sedentary Work Grid"), and the ALJ's determination that Reams had the capacity to perform light work with the listed restrictions is functionally equivalent to a finding that he possessed the RFC to do sedentary work. *See* 20 C.F.R. § 404.1567(a).

The VE testified that work existed in the national and regional economy for an individual of Reams's age, education, and past work experience -- providing as examples the skilled positions of order clerk and time keeping clerk and the unskilled position of document preparer. All of these positions are sedentary, and therefore within Reams's RFC. Because Reams can perform

5

other jobs, he is not disabled within the meaning of the Social Security Act.[3]

## CONCLUSION

Reams's motion is denied; the Commissioner's motion is granted. The case is dismissed.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 31, 2010

---

[3]This conclusion is bolstered by an application of the Sedentary Work Grid. Under Rule 201.15, a person who is "approaching advanced age (age 50-54)" with a high school education and transferable skills from any past relevant work, like Reams, is "not disabled."